[S. F. No. 1934.   Department Two.—December 23, 1901.]

## CHARLES W. WELBY, Appellant, v. THE SOUTH SAN FRANCISCO LAND AND IMPROVEMENT COMPANY, Respondent.

CORPORATION—ACTION FOR SALARY—FINDING AGAINST CONTRACT—CON- FLICTING EVIDENCE—REVIEW UPON APPEAL.—In an action against a corporation, to recover a salary alleged to be due under a verbal contract, where the judgment was for the corporation, and the court found, upon conflicting evidence, that there was no such contract, the finding is determinative of the case, and it will not be dis- turbed upon appeal, notwithstanding it may be plausibly urged that the finding was against the preponderance of the evidence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Henry C. Dibble & Dibble, for Appellant.

Jesse W. Lilienthal, for Respondent.

McFARLAND, J.—Action for salary, at the rate of five hundred dollars per month, alleged to be due from defendant to plaintiff for several months of the year 1894, commencing with February of that year.   Judgment was for defendant, and plaintiff appeals.

The only point made for reversal is the insufficiency of the evidence to support the findings and decision.   Appellant's cause of action rests upon the alleged fact that, on January 28, 1894, the parties verbally contracted that during that year appellant was to receive the same salary which he had been receiving during the previous year,—namely, five hundred dollars per month; but the court found that no such contract had been made, and this finding is determinative of the case against the appellant.   Counsel for appellant argues, with a good deal of plausibility and force, that the preponderance of evidence is against the correctness of this finding; but he fails to show that the evidence on the issue was not fairly con-

flicting. The record shows that there was such conflicting evidence; and it cannot be rightly said that there was no substantial evidence pointing to the conclusion at which the court below arrived. Therefore, under the well-settled rule, the finding cannot be disturbed.

The judgment and order denying a new trial are affirmed.

Temple, J., and Henshaw, J., concurred.